AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
8/27/20

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

In the Matter of the Tracking of
*(Identify the person to be tracked or describe the object or property to be used for tracking)*
Black 2010 Acura TL,
Ohio License Plate - JED7796
Vehicle Identification Number 19UUA8F59AA025654

Case No. 2:20-mj-584

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
Black 2010 Acura TL, Ohio License Plate - JED7796, Vehicle Identification Number 19UUA8F59AA025654

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Noah Bookman*
Applicant's signature

Noah Bookman Special Agent, DEA
Applicant's printed name and title

Sworn to before me and signed in my presence.

Date: 8/27/2020

[Judge's signature]
Judge's signature

City and state: Columbus, OH

Elizabeth A. Preston-Deavers U.S. Magistrate Judge
Printed name and title

## INTRODUCTION

I, Noah Bookman, (hereafter referred to as affiant) been duly sworn depose and state:

1. I am a Special Agent of the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). During this time, your affiant has accumulated the following training and experience:

2. I graduated from the DEA Academy located in Quantico, Virginia in 2015. I received approximately 22 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, and money laundering investigations.

3. As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

4. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl, and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

5. During the course of my law enforcement career, I have had experience in debriefing defendants, interviewing participating witnesses, cooperating individuals, and other

persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

6. Before joining DEA, I was a police officer for approximately eight years, two of which as a narcotics officer primarily working narcotic cases. I have participated in numerous investigations involving narcotics trafficking.

7. The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

1. I make this Affidavit in support of an application, pursuant to Federal Rule of Criminal Procedure 41, for a Search Warrant, authorizing the placement, installation, and use of a Global Positioning System ("GPS") mobile tracking device on:

2. A Black 2010 Acura TL, bearing Ohio registration of JEG7796 and vehicle identification number 19UUA8F59AA025654 (hereinafter, "**TARGET VEHICLE**"), utilized by FNU LNU aka "Eric HERNANDEZ" (hereafter, "HERNANDEZ")

3. I submit that there is probable cause to believe that the **TARGET VEHICLE** has been and will be used by HERNANDEZ to facilitate the distribution and possession with the intent to distribute controlled substances as well as conspiring to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, within the Southern District of Ohio and elsewhere. I further state that there is probable cause to believe that the installation and use of the tracking device in or on the **TARGET VEHICLE** will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

4. In August of 2019, members of the DEA Columbus District Office and local law enforcement in Ohio began investigating a drug trafficking organization for distributing large quantities of heroin throughout the Southern District of Ohio.

5. Through the investigation, investigators identified Crystal THOMAS as a member of the DTO. Investigators determined Crystal THOMAS' role in the DTO is a "middle person". THOMAS only contacts HERNANDEZ when a user is ready to purchase the heroin.

6. On June 30, 2020, the Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, executed orders authorizing the interception of wire and electronic communications over telephone number 614-397-5857, utilized by THOMAS. Interceptions commenced on July 8, 2020 and concluded on August 6, 2020.

7. On August 4, 2020, THOMAS, utilizing 614-397-5857, contacted HERNANDEZ, utilizing 614-625-0343, and what follows is a transcription of a portion of the wire communication.

| | |
|---|---|
| THOMAS: | Yeah, I guess I was wront about the time, so- Um, yeah, he is almost here. I need um, a whole one, which is twenty-five 25 Gs [PH] plus two (2) extra Gs. I neeed twenty-seven (27) all together. |
| HERNANDEZ: | So, You need twenty-seven (27) all together? |
| THOMAS: | I need twenty-seven (27) grams all together. I need an ounce plus two (2) grams. |
| HERNANDEZ: | An ounce plus two (2) grams. Okay, let me see. Uh, okay, alright. Because I have one right now with me. So, Okay, alright. |
| THOMAS: | Okay, alright sweetie. Thank you. |

| | |
|---|---|
| HERNANDEZ: | Okay. Alright. Miss Crystal, um-Oh yea, I'll talk to you when I get there, you know. Because I really want to work this out. Just make sure you know I can get what you need and all your people as well. So, then they start coming back then because I know that – |

8. Investigators believe, based upon their training, knowledge, experience, direct involvement in the investigation of THOMAS, and the context of the conversation, THOMAS contacted HERNANDEZ to purchase twenty-seven (27) grams of heroin. Therefore, investigators initiated physical surveillance at THOMAS' residence, located at 490 Markison Avenue in Columbus, Ohio. Investigators observed HERNANDEZ arrive at THOMAS' residence in the **TARGET VEHICLE**. Investigators noticed HERNANDEZ only stayed for a short period of time. Based on my training, experience, and knowledge of this activity, the manner in which this meet was conducted and the short duration; the intercepted communications over THOMAS' telephone are indicative of drug trafficking.

9. Investigators continued to conduct physical surveillance on HERNANDEZ, who was driving the **TARGET VEHICLE**. Investigators surveilled HERNANDEZ directly to 2246 Shirlene Drive in Grove City, Ohio. Investigators observed an unknown male Hispanic enter the passenger seat of the **TARGET VEHICLE**. Investigators observed the vehicle depart from the residence. Investigators continued physical surveillance on the **TARGET VEHICLE**. Investigators observed the **TARGET VEHICLE** square the block. Investigators noticed the **TARGET VEHICLE** park on the side of the roadway. Investigators noticed the unknown male Hispanic exit the **TARGET VEHICLE** and walk approximately ½ block to 2246 Shirlene Drive. Investigators observed the **TARGET VEHICLE** depart the area passing 2246 Shirlene Drive. Investigators continued physical surveillance on the **TARGET VEHICLE** to 3133 East 6 Avenue in Columbus, Ohio.

10. On the same day, THOMAS, utilizing 614-397-5857, contacted HERNANDEZ, utilizing 614-625-0343, and what follows is a transcription of a portion of the wire communication.

| | |
|---|---|
| THOMAS: | umm, I'm alright. I'm disappointed. I thought Ryan would have his money together. He's got all his money fucked up again. I don't know how he goes up and down like he does. But, anyway, I only need six (6) grams. |
| HERNANDEZ: | Okay |
| THOMAS: | Disappointed as hell. |
| [VOICES OVERLAP] | |
| HERNANDEZ: | [U/I] Alright, well, you know, six (6) grams is [U/I] like [STAMMERS] you know it's originally like two-fifty (250), but um, I mean, how, how much does he have? |
| [VOICES OVERLAP] | |
| THOMAS: | Yeah, I know. It's fifty dollars ($50) a gram? |
| HERNANDEZ: | Huh? |
| THOMAS: | It's three hundred (300) for six (6). Right? |
| HERNANDEZ: | Uh about, yeah, about three (3) to about three twenty (320) - |
| [VOICES OVERLAP] | |
| THOMAS: | Hang on, sweetie. Hang on. |
| [LONG PAUSE] | |
| THOMAS: | Are you there? |
| HERNANDEZ: | Yeah. |
| THOMAS: | Um, about three hundred dollars ($300). That's three hundred and fifty dollars ($350). |

| | |
|---|---|
| HERNANDEZ: | you said three fifty ($350)? [PAUSE] I can barely hear you broken. Umm, you said you have three fifty ($350)? |
| THOMAS: | Yeah |
| HERNANDEZ: | Okay, I can probably give him, um, uh, sever (7), you know? |
| THOMAS: | Yeah. |
| HERNANDEZ: | Okay, alright. Well, just let me know whenever he is heading up over. |

11. Investigators believe, based upon their training, knowledge, experience, direct involvement in the investigation of THOMAS, and the context of the conversation, THOMAS contacted HERNANDEZ to purchase seven (7) grams of heroin. Therefore, investigators continued physical surveillance on HERNANDEZ, at 3133 East 6st Avenue in Columbus, Ohio. Investigators observed HERNANDEZ depart from 3133 East 6st Avenue in the **TARGET VEHICLE**. Investigators noticed HERNANDEZ did not drive directly to THOMAS' residence. HERNANDEZ squared the block several times on his way to THOMAS' residence in the **TARGET VEHICLE**. This technique is common among narcotic traffickers, who are trying to detect Law Enforcement and conduct counter surveillance. Investigators followed HERNANDEZ in the **TARGET VEHICLE** to THOMAS' residence. Based on my training, experience, and knowledge of this activity, the manner in which this meet was conducted and the intercepted communications over THOMAS' telephone are indicative of drug trafficking.

## REQUEST ACCESS TO TRACK VEHICLE

1. To track the movement of the **TARGET VEHICLE** effectively and to decrease the chance of detection, investigators pursue to place a mobile tracking device in or on the **TARGET VEHICLE** while in the Southern District of Ohio. It may be necessary to enter onto private property and/or move the **TARGET VEHICLE** in order to effect the installation, adjustment, repair, replacement, and/or removal of the tracking devices. Your Affiant therefore

requests authorization to enter onto private property to effect the installation, adjustment, repair, replacement, and removal of the tracking devices. Your affiant further requests authority to enter the **TARGET VEHICLE** for the purpose of installing, maintaining, and removing the GPS tracking device.

2. Additionally, your affiant requests permission to affix, adjust, repair, replace, and remove this mobile tracking device at any time of day or night. As detailed above, your affiant believes HERNANDEZ will continue to utilize the **TARGET VEHICLE** to conduct narcotics transactions. Due to the surreptitious and cautious nature of drug traffickers, it may be difficult for investigators to affix this mobile tracking device in regular daylight hours. Further, the congested roadways and pedestrian traffic of Columbus, Ohio increase the risk that investigators may be detected or arouse suspicion. Therefore, your affiant also requests permission to affix this mobile tracking device at any time day or night.

3. In the event the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

## DELAYED NOTIFICATION

1. In accordance with Title 18, United States Code, Section 3103a(b), I request that the Court order delay of notification of the execution of the order for a period not to exceed 30 days (or some lesser period) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. It is requested that such period of delay

thereafter be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay.

## CONCLUSION

1. WHEREFORE, your affiant respectfully requests that the Court issue an order authorizing investigators of the Department of Justice, including the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install and remove a mobile tracking device in or on the **TARGET VEHICLE**, and to surreptitiously enter onto private property and into the **TARGET VEHICLE** at any hour of the night or day in order to install the electronic tracking device, remove the electronic tracking device, or to make any mechanical adjustments should the device become inoperable and to monitor the signals from that tracking device, for a period of 45 days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the **TARGET VEHICLE** leave the Southern District of Ohio but remains within the United States.

2. I also request that the Order authorizes investigators of the DEA, or their authorized representatives not be required to leave a copy of the Court's Order in any vehicles entered, due to the covert nature of the installations and investigation.

The above information is true and correct to the best of my knowledge, information and belief.

*Noah Bookman*

Noah Bookman
Drug Enforcement Administration
Special Agent

SUBSCRIBED and SWORN to before me this 27TH day of August, 2020. Time: 3:35 pm

The Honorable Elizabeth A. Preston-Deavers
United States Magistrate Judge
Southern District of Ohio

